IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MEDIDEA, LLC,<br>　　Plaintiff,<br><br>v.<br><br>SMITH & NEPHEW, INC.,<br>　　Defendant. | §<br>§<br>§<br>§　CIVIL ACTION NO. 2-09-cv-378-TJW<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Smith & Nephew, Inc.'s ("Smith & Nephew") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). [Dkt. No. 21] After considering the parties' arguments and the applicable law, the Court is of the opinion that Smith & Nephew's motion should be DENIED.

**I.　Background**

Plaintiff MedIdea, LLC ("MedIdea") filed this lawsuit on December 4, 2009, accusing Zimmer of infringement of U.S. Patent Nos. 5,716,361 ("the '361 Patent"); 5,885,296 ("the '296 patent"); 5,897,559 ("the '559 patent"); 5,944,722 ("the '722 patent"); 5,957,926 ("the '926 patent"); 6,077,269 ("the '269 patent"); 6,102,916 ("the '916 Patent"); 6,500,179 ("the '179 Patent"); 6,503,254 ("the '254 Patent"); and 7,229,478 ("the '478 patent") (collectively, "the patents-in-suit"). On August 26, 2009, MedIdea filed a related case in this Court asserting, *inter alia*, the '478 patent against Zimmer Holdings, Inc. *See* MedIdea, LLC v. Zimmer Holdings, Inc., 2:09-cv-258.

MedIdea is a Michigan corporation with a principal place of business in Longview, Texas. Smith & Nephew is a Delaware corporation with a principal place of business in Memphis,

1

Tennessee. Smith & Nephew seeks to transfer the case to the Western District of Tennessee.

## II. Legal Standard

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

The Federal Circuit applies regional circuit law to district court decisions related to venue. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (applying the Fifth Circuit's *en banc Volkswagen* decision to this Court's transfer order). The Fifth Circuit has recently clarified the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc), *cert. denied*, *Singleton v. Volkswagen of Am., Inc.*, No. 08-754, 2009 WL 425117 (Feb. 23, 2009). The Court ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than *forum non conveniens* dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that moving party bears the burden of showing "good cause," which the Court explained is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id*.

The Court reiterated that the relevant factors to be considered for a 1404(a) motion are the same as those for *forum non conveniens* dismissals, which include both public and private interest factors. *Id. at 315 (citing Humble Oil & Ref. Co. v. Bell Marine Serv., Inc., 321 F.2d 53, 56 (5th*

*Cir. 1963)).* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen II*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. Id. (citing Action *Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

### A. Discussion

#### 1. Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses

The Court first considers the convenience of the witnesses and parties. In *Volkswagen I*, the Fifth Circuit established the "100-mile" rule, which states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witness increases in direct relationship to the additional distance to be traveled." 371 F.3d at 204–5. When applying the 100-mile rule, a court should not place too much weight to the relative inconvenience for overseas parties and witnesses. *See In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (finding that "witnesses from Europe will be required to travel a significant distance no matter where they testify"). Furthermore, in cases where potential witnesses are from widely scattered locations, a trial court should not consider its

"central location . . . in the absence of witnesses within the plaintiff's choice of venue." *Id.* The court "should assess the relevance and materiality of the information the witness may provide," not the "significance of the identified witnesses' testimony." *Id.* at 1343–44.

MedIdea is located in Longview, Texas, which is within this district. Smith & Nephew's principal place of business in Memphis, Tennessee is within the Western District of Tennessee. Smith & Nephew argues that MedIdea's presence in this district "is perpetuated for the sole purpose of litigation." Motion at 9. "A plaintiff's attempts to manipulate venue in anticipation of litigation or a motion to transfer falls squarely within these prohibited activities." *In re Hoffmann-La Roche*, 587 F.3d 1333, 1337 (Fed. Cir. 2009). The Court is not persuaded that a corporation's decision where to locate its offices is the type of "prohibited activity" that the Federal Circuit had in mind. Unlike transporting 75,000 pages of documents, a business opens its doors in a particular location for a number of considerations, including the cost of rent, market profitability, cost of doing business, and tax benefits. The Court declines to scrutinize litigants' business decisions in order to determine whether opening an office in a particular location has a legitimate business purpose or is merely a "tactic . . . to manipulate venue." *Id.* Moving a business to a particular location is not the type of activity that, on its face, serves no purpose but to manipulate venue.[1]

Given MedIdea's location in Longview, Smith & Nephew has not shown that the Western

---

[1] Smith & Nephew cites to a recent Supreme Court decision for the proposition that the Court cannot consider Longview as MedIdea's principal place of business. *See* Def. Reply at 1. In *The Hertz Corp. v. Melinda Friend*, No. 08-1107, 2010 WL 605601 (U.S. Feb. 23, 2010), the Supreme Court clarified how to determine a corporation's principle place of business for establishing diversity subject matter jurisdiction under 28 U.S.C. § 1332 (c)(1). Under the "nerve center" analysis, if a court finds any attempt to manipulate diversity jurisdiction by opening a "bare office with a computer," for example, then the court "should instead take as the 'nerve center' the place of actual direction, control, and coordination in the absence of such manipulation." *Id.* at *14. *Hertz* does not affect venue transfer analysis.

District of Tennessee is clearly more convenient to the parties than the Eastern District of Texas.

The parties have named five non-party witnesses, one of which is in this district and none of which are in the Western District of Tennessee. Smith & Nephew's party witnesses are primarily located in Memphis, Tennessee with one located in Switzerland and another located in Saint Louis, Missouri. MedIdea's two officers, including the inventor and prosecuting attorney, are located in Ann Arbor, Michigan. The Western District of Tennessee would be more convenient to Smith & Nephew's party witnesses.2 MedIdea's location in Longview, however, significantly counterbalances this factor, making it neutral as to transfer.

### 2. The Relative Ease of Access to Sources of Proof

"That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. Even in the age of electronic discovery, considerations of physical evidence remain meaningful in a § 1404(a) analysis. *See id.* "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, 330 (E.D.N.Y 2006).

Smith & Nephew argues that much of the evidence about the accused products is located in Memphis, Tennessee and much of the evidence about prosecution of the patents-in-suit will be located in Ann Arbor, Michigan. The Court agrees that likely relevant evidence will be found in the Western District of Tennessee. However, likely relevant evidence will also be located in

---

2 MedIdea argues that "any argument from Smith & N asserting that it would be burdensome to produce witnesses in this matter is wholly hypocritical because Smith & Nephew recently filed suit in this Court." Pl. Resp. at 11. *See* Smith & Nephew, Inc. v. Arthrex, Case No. 2:07-cv-335. A party's activities as plaintiff alone, without commonality of parties, witnesses, evidence, and facts, bear little weight in the transfer analysis. *See In re Genentech Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)(holding that a "district court's consideration of the previous case was clear error").

MedIdea's place of business in Longview, Texas.

Smith & Nephew has not shown that there will be any significant inconvenience if it is required to transport documents to Marshall, Texas. Smith & Nephew has not identified any documents or evidence located in the Western District of Tennessee that cannot be produced electronically, and has not otherwise shown that transporting documents and physical evidence to Marshall would pose significant additional inconvenience.[3] Furthermore, the Federal Circuit rejected that the location of documents in electronic form bore weight on the transfer analysis. *See In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) (finding that Texas has no connection to the litigation notwithstanding that 75,000 documents converted to electronic format were located in Texas). Therefore, the Court finds that this factor weighs against transfer.

### 3. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Federal Rule of Civil Procedure 45(b)(2) allows a federal district court to compel a witness' attendance at a trial or hearing by subpoena. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See Volkswagen II*, 545 F.3d at 316.

Smith & Nephew identified no non-party witnesses. MedIdea has named five former employees, three of which are in the Dallas metropolitan area, one of which now resides in California, and one of which resides in Tyler, Texas. The Court is aware of its subpoena power of this one witness in Tyler, but knows of no subpoena power that the Western District of Tennessee might have over non-parties. This factor weighs only slightly against transfer.

---

[3] The *TS Tech* court emphasized the physical nature of the evidence at issue and that such evidence, including actual physical objects, would be more easily transported to Ohio. *Odom v. Microsoft Corp*, 596 F. Supp. 2d 995, 1000 (E.D. Tex. Jan. 30, 2009) (citing *In re TS Tech*, 551 F.3d at 1321).

B. Public Interest Factors

1. Administrative Difficulties Flowing from Court Congestion

The court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the court finds this factor is neutral as to transfer.

2. Local Interest in Having Localized Interests Decided at Home

Transfer may be appropriate where none of the operative facts occurred in the division and where the division has no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. Defendant argues that the Eastern District of Texas has little or no interest in the outcome of this litigation. The Court disagrees. MedIdea maintains its principal place of business in Longview, which gives the Eastern District of Texas a substantial connection to this lawsuit.[4] The Western District of Tennessee also has a connection to this lawsuit because Smith & Nephew's principal place of business is there. Neither venue has a greater interest in this dispute, which makes this factor neutral as to transfer.

3. The Familiarity of the Forum with the Law that will Govern the Case

Patent claims are governed by federal law. This Court and the Western District of Tennessee are both capable of applying patent law to infringement claims. This factor is neutral as to transfer.

4. The Avoidance of Unnecessary Problems of Conflict of Laws

The Court finds that this factor is inapplicable in this transfer analysis.

---

[4] Defendant's attempt to characterize MedIdea's Longview Offices as a mere façade to thereby invoke the *Hertz* "nerve center" test is not persuasive. The location of MedIdea in Longview gives Longview, and the Eastern District of Texas, an interest in this dispute. The Court's use of the phrase "principal place of business" is to distinguish from corporate headquarters, which is more often than not in a different state. Arguing that Longview fails the *Hertz* "principal place of business" test does not change the fact that Longview is MedIdea's only location and therefore has a substantial connection to this lawsuit.

### 5. Judicial Economy

Section 1404(a) requires that a Court ruling on a motion to transfer also take into account "the interest of justice." 28 U.S.C. § 1404(a) (1994); *Volkswagen II*, 545 F.3d at 315 ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'"). The Federal Circuit has found that, in patent cases, the "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (citations omitted).

The Court has pending before it a related lawsuit involving a common patent, the same plaintiff, and similar technology. "[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether transfer is in the interest of justice." *In re Volkswagen*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). *See also In re VTech Comm's*, 2010 WL 46332, *2 (Fed. Cir. 2010) (finding that a court's familiarity with the issues and facts of a case is a consideration that weights against transfer). In this case, there will undoubtedly be an overlap of issues for claim construction. Transferring this case to either of the proposed venues will prevent the parties from taking advantage of the built-in efficiencies that result from having related cases before the same judge. The Court finds that the interests of justice weigh against transfer.

**III. Conclusion**

For the reasons stated above, Defendants have failed to satisfy their burden of showing good cause that a transfer is clearly more convenient in this case. The Court finds that the competing factors do not justify a transfer. Accordingly, Defendants' Motion is DENIED.

It is so ORDERED.

SIGNED this 12th day of April, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE